IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Office)

| | |
|---|---|
| **TAMARA PALMS**,<br>　　　Plaintiff, | )<br>)<br>) |
| V. | )  CIVIL ACTION NO.: 1:24-cv-3489 |
| **GILMAN SCHOOL, INC.**<br>　　　Defendant. | )<br>)  JURY DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, Tamara Palms, by and through undersigned counsel, hereby files suit against the named Defendant, Gilman School, Inc., for the causes of action stated as follows:

**I.   INTRODUCTION**

1. Plaintiff Tamara Palms (hereinafter, "Plaintiff" or "Ms. Palms") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII"), as amended, 42 U.S. § 2000e, *et seq.* and 42 U.S.C. § 1981; for relief from Defendant's unlawful racial discrimination and retaliation based on her prior EEO protected activity.

2. Defendant Gillman School, Inc. (hereinafter, "Defendant" or "Gilman") discriminated against Plaintiff on the basis of her Race (African American) and in Retaliation for engaging in a protected activity during the course of her employment.

**II.   JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981. Further, this Court has jurisdiction over this Complaint because there is diversity of the parties pursuant to 28 U.S.C. § 1332 and the Complaint presents a question of federal law pursuant to 28 U.S.C. § 1331.

1

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 because Defendant's headquarters are located in Baltimore, Maryland and a substantial part of the acts and omissions that give rise to this Complaint occurred within the jurisdiction of Baltimore County, Maryland.

### III.   PARTIES

5. Ms. Palms is currently domiciled at 2410 19th Street, Lake Charles, Louisiana, 70601. At all relevant times, Ms. Palms was an employee at Gilman School, Inc. Ms. Palms is a resident of Lake Charles, Louisiana and a United States Citizen.

6. Defendant, The Gilman School, Inc., is an all-boys private educational institution responsible for educating students in Pre-K, Elementary School, Middle School, and High School. Defendant's headquarters are located at 5407 Roland Ave, Baltimore, Maryland 21210.

7. Defendant is subject to suit for discriminatory acts and/or omissions of employees or agents of Defendant; in addition, Defendant is the employer of persons who have committed discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On September 19, 2022, Plaintiff filed a Charge of Discrimination (Charge No. 531-2022-01761) with the U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC") against Defendant for race discrimination and retaliation.

9. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on September 3, 2024. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice.

10. Pursuant to that Notice, Plaintiff now brings this federal civil complaint.

### V.   FACTS

11. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as fully set forth herein.

12. In February 2021, Plaintiff accepted a two-year Penn Fellowship position as a Student-Teacher for Grades 7-12 with the Defendant in Baltimore, Maryland. Plaintiff began her position as a First Year Penn Fellow in August 2021 and taught Fifth Grade Social Studies in the Lower School.

13. Defendant contracted with UPenn and hired Plaintiff to work as a Student Teacher for Grades 7-12 and Defendant instead placed Plaintiff in the Lower School to teach 5th Grade Social Studies.

14. During Plaintiff's employment with Defendant, she received positive feedback from students, parents, and colleagues.

15. On September 20, 2021, Plaintiff reported a racial incident while on the Echo Hill field trip to Brian Ledyard (White), Director of the Penn Fellowship. On the field trip, Plaintiff went into town to virtually attend a "Critical Friends" meeting and an individual called Plaintiff racial slurs that made her justifiably uncomfortable. Plaintiff told Katie Thomas (White), 5th Grade teacher and Plaintiff's mentor, that she would not return to the camp for the remainder of the field trip due to her lack of comfortability, and drove back to Baltimore, Maryland.

16. On September 21st, Linda Fussell (White), Head of the Lower School, asked Plaintiff why she reported the incident at Echo Hill to Mr. Ledyard instead of to her first.

17. On September 23rd, during a discussion at a "Critical Friends" meeting on how to set boundaries as a UPenn Fellow, Plaintiff stated she found it difficult to set boundaries. Mr. Ledyard informed Plaintiff that her role at Gilman would include Co-Homeroom Teaching so

3

boundaries for her role looked different. This was the first time Defendant informed Plaintiff of her Co-Homeroom teaching role.

18. A Co-Homeroom Teaching Role included an expectation to remain in the classroom all day, in a certain place at all times, just in case Defendant wanted Plaintiff to take part in additional duties.

19. On September 24th, Ms. Fussell requested that Plaintiff work as a Cafeteria lunch lady, a task not typically performed by a Penn Fellow. Ms. Fussell stated there was a need in the cafeteria and expressed it was something Plaintiff could do that day, even though there were tasks Plaintiff needed to be complete in the classroom to create a new unit for her History class.

20. On September 24th, Plaintiff reported to Mr. Ledyard that she was asked to work as a lunch lady by Ms. Fussell as retaliation for Plaintiff reporting the racial event that took place on the Echo Hill trip.

21. On October 5th, Angela Johnson (Black), the HR Director, and Plaintiff met, and Ms. Johnson told Plaintiff that she needed to go to Gilman first about issues and not others.

22. On October 7th, Mr. Ledyard asked Plaintiff about her feelings and the changes in her role. In this conversation Plaintiff again reported to Mr. Ledyard that she felt she was being retaliated against for reporting the racial incident that occurred on the Echo Hill trip.

23. On October 13th, Plaintiff reported the incident that took place at Echo Hill to Charlotte Jacobs (Black), Director of the ISTR Degree Program at UPenn.

24. On October 18th, Defendant placed Plaintiff on a Performance Improvement Plan (PIP) for Professionalism.

25. On October 19th, Plaintiff spoke to Ms. Jacobs with Kate Bradley (White), Year 2 Penn

Fellow, as a witness, and Ms. Jacobs informed Plaintiff that Gilman's behavior towards Plaintiff was racist and that she was aware of prior racist acts committed by Gilman towards Penn Fellows. Ms. Jacobs also expressed to Plaintiff that Gilman went outside of UPenn's policy and guidelines for Plaintiff's position as a UPenn Fellow.

26. On November 9th, Defendant notified Plaintiff that she would be going to teach in the Upper School. Plaintiff began teaching 11th Grade U.S. History.

27. On November 10th, Defendant gave Plaintiff an updated PIP to reflect her new role with the Upper School. Plaintiff raised concerns to Mr. Ledyard that the PIP increased the work required as opposed to other Penn Fellows and Plaintiff felt retaliated against for reporting the racial incident that took place on the Echo Hill trip.

28. Defendant monitored Plaintiff's daily activities differently than her White Penn Fellows. Mr. Ledyard would require Plaintiff to confirm her attendance at Professional Development sessions and explicitly list the classes she observed, he would attend History department meetings and virtually joined Plaintiff's meetings to confirm that Plaintiff attended.

29. Defendant treated Plaintiff differently than her White Penn Fellows in terms of work-space accommodations. Devina Bhalla (White), First Year Penn Fellow, and Katie Bradley (White), Second Year Penn Fellow, were both given semi-private offices that were only shared with teachers and allowed them to work quietly. Defendant gave Plaintiff a desk located in an active classroom, and Plaintiff worked in different locations on campus, such as the baseball field seating or the library, for a quiet place to work.

30. Defendant treated Plaintiff differently than her White Penn Fellows in terms of work expectations. Ms. Bhalla and Ms. Bradley were required to be available significantly less time than Plaintiff and both were only required to teach one 90-minute class every other day.

5

Meanwhile, Plaintiff experienced consistent pressure to make themselves more available on campus and complete additional work by Ms. Fussell and Mr. Ledyard.

31. Defendant treated Plaintiff differently than her White Penn Fellows in terms of mentorship relationships. Defendant required Plaintiff to share her mentor's teacher workload. Ms. Bhalla and Ms. Bradley were not expected to share duties with their mentor teacher to lessen their workload so they could balance UPenn coursework.

32. On February 15th, 2022, Defendant terminated Plaintiff's employment for poor Performance and professionalism.

33. On April 12th, Plaintiff sent her first demand letter requesting that the retaliatory and harassing actions from Defendant ceased and if they did not Plaintiff would file an EEOC claim.

34. On April 14th, Plaintiff received a reading about Plantations in her school mailbox.

35. On May 5th, Plaintiff received a final grade of an "F" from Mr. Ledyard as a UPenn Fellow.

## VI.   CAUSES OF ACTION

### COUNT ONE
**Title VII of the Civil Rights Act of 1964, as amended,  
42 U.S.C. Section 2000e, et seq.  
(Employment Discrimination on the Basis of Race)**

36. Plaintiff incorporates by reference by all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37. Plaintiff is African American, as such, is a member of a protected class.

38. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race.

39. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions in comparison to non-African American, employees the Defendant employed.

40. Defendant discriminated against Plaintiff in connection with the comparison, terms, conditions, and privileges, of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of ant employment opportunity or adversely affect her status because of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## COUNT TWO
### 42 U.S.C. 1981 (Section 1981)
### (Employment Discrimination on the Basis of Race)

41. Plaintiff incorporates by reference by all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

42. Plaintiff is African American, as such, is a member of a protected class.

43. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race.

44. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions in comparison to non-African American, employees the Defendant employed.

45. Defendant discriminated against Plaintiff in connection with the comparison, terms, conditions, and privileges, of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of ant employment opportunity or adversely affect her status because of Plaintiff's race, in violation of the **42 U.S.C. 1981 (Section 1981)**

## COUNT THREE
### Title VII Section 704(a) and 42 U.S.C. Section 12203
### (Employment Discrimination on the Basis of Engaging in Protected Activity)

46. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as is fully set forth herein.

47. Plaintiff has repeatedly engaged in protected activity, including, without limitation, objecting to discriminatory actions due to her objecting to race discrimination, retaliation, and filing an EEOC Charge.

48. Defendant was aware of Plaintiff's activity at all relevant times.

49. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment because of her protected activity.

50. Defendant retaliated against Plaintiff by changing Plaintiff's job duties, giving her an "F" at the end of the year, and through termination.

51. Defendant retaliated against Plaintiff by denying her the same conditions and privileges of employment as her other colleagues.

52. Defendant has subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein and otherwise deprived Plaintiff of her rights because of her protected activity.

53. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of sick leave, income, and other disadvantages in the workplace.

54. Defendant has limited, segregated and classified Plaintiff in a way that deprives her of her full salary and otherwise adversely affects her status as an employee because of her protected activity.

55. The reasons proffered for Defendant's unlawful conduct are not legitimate and are pretext for its retaliation.

56. Defendant knew that Plaintiff engaged in protected activity prior to the retaliatory mistreatment.

57. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her protected activity.

58. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages – including but not limited to past and future loss of sick leave, income, expenses and cost – and is entitled to all available legal and equitable remedies.

59. Plaintiff was made to endure a great amount of pain and suffering.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

    a. All damages to which Plaintiff may be entitled to this Plaintiff's Original Complaint;

    b. Compensatory damages, including, but not limited to, emotional distress;

    c. Past, present, and future physical pain and suffering;

    d. Punitive damages;

    e. Reasonable attorney's fees, as allowed by law (with conditional awards in the event of appeal);

    f. Pre-judgment interest at the highest rate permitted by law;

    g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    h. Costs of Court; and

    i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

## VIII. JURY DEMAND

60. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

                                                   Respectfully submitted,

                                                   *A Marques Pitre, Esq.*

                                                   _____
                                                 A. Marques Pitre, Esq.
                                                 (MD Bar No. 20281)
                                                 PITRE & ASSOCIATES, LLC.
                                                 Ronald Reagan Building &
                                                 International Trade Center
                                                 1300 Pennsylvania Avenue, NW, Suite 700
                                                 Washington, DC 20004
                                                 Main Tel. 202-204-3006
                                                 Direct Tel. 309-287-1914
                                                 Email: Ampitre@ampitreassociates.com

                                                 *Counsel for Plaintiff*