IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **TAMARA PALMS**<br>*Plaintiff*<br><br>v.<br><br>**GILMAN SCHOOL, INC.**<br>*Defendant*. | Case No.  1:24-CV-3489-MJM |

## ANSWER

Defendant, Gilman School, Inc. ("Defendant"), by and through undersigned counsel, hereby submits this Answer to Plaintiff, Tamara Palms' ("Plaintiff") Complaint ("Complaint") and sets forth its Affirmative Defenses as follows:

### I.     INTRODUCTION[1]

1.     Defendant admits that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866. Defendant denies the remaining allegations in Paragraph 1 of the Complaint, including that it engaged in unlawful racial discrimination and retaliation.

2.     Defendant denies the allegations in Paragraph 2 of the Complaint.

---

[1] Defendant includes the section headings from Plaintiff's Complaint for reference purposes only.  Defendant denies any and all allegations contained in the section headings of the Complaint.

## II.  JURISDICTION AND VENUE

3. The allegations in Paragraph 3 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

## III.  PARTIES

5. Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies them on that basis.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Defendant admits that Plaintiff filed a Charge of Discrimination (Charge No. 531-2022-01761) with the U.S. Equal Employment Opportunity Commission against Defendant, alleging race discrimination and retaliation. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant is without sufficient information to admit or deny when Plaintiff received the EEOC's Notice of Right to Sue (the "Notice"). Upon information and belief, Defendant admits that Plaintiff filed the Complaint within 90 days of the date of the Notice.

10. Defendant admits that Plaintiff has filed a civil complaint. Defendant denies the remaining allegations in Paragraph 10 of the Complaint, as alleged.

## V. FACTS

11. Defendant restates and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

12. Defendant admits that Plaintiff accepted a two-year fellowship with Defendant through the University of Pennsylvania's Independent School Teaching Residency Program. Defendant admits that Plaintiff began her fellowship in August 2021 and initially taught Fifth Grade Social Studies in the Lower School. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant is without sufficient information to admit or deny what Plaintiff reported to Charlotte Jacobs, Director of the ISTR Degree Program at UPenn. Defendant therefore denies this allegation and every other allegation in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff was placed on a performance improvement plan under which she was to address several areas for development. Defendant denies the remaining allegations in Paragraph 24 of the Complaint, as alleged.

25. Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's alleged discussions with Dr. Charlotte Jacobs and Kate Bradley but denies that Gilman engaged in any "racist" behavior or committed racist acts towards Penn Fellows, and denies that it went outside of UPenn's policy and guidelines. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant admits that it moved Plaintiff to teach in the Upper School and that among other duties, she taught 11th Grade U.S. History. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant admits Plaintiff received a revised performance improvement plan in or around November 2021. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant admits that as a result of being on a performance improvement plan, which identified multiple performance deficiencies, Plaintiff was required to confirm her attendance at Professional Development sessions and list the classes she observed, and that Mr. Ledyard would occasionally check History department meetings to confirm her attendance. Defendant denies the remaining allegations in Paragraph 28 of the Complaint, including that Plaintiff was treated differently due to her race.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant admits that a letter dated April 12, 2022 was sent to Defendant on Plaintiff's behalf purporting to raise claims of discrimination and retaliation. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

34. Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore, denies them.

35. Defendant denies the allegations in Paragraph 35 of the Complaint as alleged.

## VI.    CAUSES OF ACTION

### COUNT ONE
**Title VIII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. Section 2000e, et seq.**
**(Employment Discrimination on the Basis of Race)**

36. Defendant restates and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

37. Defendant admits that, upon information and belief, Plaintiff is African American. The remaining allegations in Paragraph 37 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

### COUNT TWO
**42 U.S.C. 1981 (Section 1981)**
**(Employment Discrimination on the Basis of Race)**

41. Defendant restates and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

42. Defendant admits that, upon information and belief, Plaintiff is African American. The remaining allegations in Paragraph 42 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## COUNT THREE
### Title VII Section 704(a) and 42 U.S.C. Section 12203
### (Employment Discrimination on the Basis of Engaging in Protected Activity)

46. Defendant restates and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

## VII.    PRAYER

Defendant denies that Plaintiff is entitled to any of the relief sought in Section VII of the Complaint including all subparagraphs thereto. Defendant further denies any and all liability and all allegations not specifically admitted herein.

## VIII.    JURY DEMAND

60.     Defendant admits that Plaintiff has demanded a jury trial.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses are to be proved by it, and Defendant maintains its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint. Defendant generally denies liability as to all claims in the Complaint.

1.      All Counts of the Complaint fail to state a claim upon which relief can be granted as Plaintiff has presented no direct evidence of race discrimination or retaliation.

2.      Counts One and Two of the Complaint fail to state a claim upon which relief can be granted as Plaintiff cannot set forth a *prima facie* case of race discrimination. Specifically, Plaintiff cannot establish satisfactory job performance under the *prima facie* test as she was consistently late, absent, unresponsive to attempts to contact her throughout her employment, and otherwise not meeting competency and professionalism standards– which was not in keeping with Defendant's legitimate performance expectations. Further, Plaintiff has failed to set forth any member outside of the protected class who engaged in the same pattern of conduct but received more favorable treatment.

3. Counts One and Two of the Complaint fail to state a claim upon which relief can be granted as Defendant had legitimate reasons for all of its actions with respect to Plaintiff and none of the actions taken against Plaintiff occurred under circumstances raising an inference of unlawful discrimination.

4. Counts One and Two of the Complaint fail to state a claim upon which relief can be granted as Plaintiff has not and cannot set forth any evidence of intentional discrimination by Defendant.

5. Count Three of the Complaint fails to state a claim upon which relief can be granted as Plaintiff cannot set forth a *prima facie* case of retaliation under Title VII. Notably, Plaintiff did not engage in protected activity during her employment as required under the *prima facie* test. Further, even if Plaintiff had engaged in protected activity, her claim still fails as any adverse employment action she experienced bares no relationship to any protected activity and instead was the result of her persistent performance deficiencies.

6. Count Three of the Complaint fails to state a claim upon which relief can be granted as Plaintiff cannot set forth a *prima facie* case of retaliation under 42 U.S.C. § 12203, the Americans with Disabilities Act ("ADA"). Plaintiff has not set forth any facts relating to a claim under the ADA, nor has she established that she engaged in any activity protected under the ADA. Plaintiff also failed to exhaust her administrative remedies as to any ADA claim, since she never made any allegations of disability discrimination in her EEOC Charge.

7. All Counts of the Complaint fail to state a claim upon which relief can be granted, as all actions by Defendant were taken for legitimate, non-discriminatory reasons, which Plaintiff cannot show were pretextual. As set forth *supra*, Plaintiff was consistently late, absent, unresponsive to attempts to contact her throughout her employment, and otherwise not meeting

competency and professionalism standards, which was the cause of any adverse employment action she experienced.

8.  All Counts of the Complaint fail to state a claim upon which relief can be granted as the individual charged with terminating or otherwise taking adverse action against Plaintiff, Brian Ledyard, is the same individual responsible for Plaintiff's hire, and Defendant is therefore entitled to a strong inference against discrimination.

9.  Any claims that: (1) were not stated in Plaintiff's EEOC charge, (2) are not reasonably related to Plaintiff's EEOC charge, or (3) would not have developed in the course of a reasonable investigation of Plaintiff's EEOC Charge, are barred due to Plaintiff's failure to exhaust her administrative remedies.

10. Plaintiff's claims for relief are barred because Defendant acted in good faith to comply with the law by implementing policies and programs designed to prevent unlawful discrimination, harassment, and/or retaliation in the workplace.

11. Plaintiff's damages under Title VII are limited by the applicable statutory damages cap set forth under 28 U.S.C §1981a.

12. Plaintiff's claims for relief are barred to the extent she has failed to mitigate her damages.

13. Plaintiff is not entitled to punitive damages as Defendant's actions were not taken with malice or reckless indifference.

14. Plaintiff is not entitled to an award of reasonable attorneys' fees or costs as her claims are without merit and inactionable.

15. Defendant expressly reserves the right to assert additional affirmative defenses to the extent it discovers them.

Dated: April 1, 2025

                                              Respectfully submitted,

                                              /s/ *Stephanie K. Baron*
                                              Stephanie K. Baron (Fed Bar No. 27417)
                                              Tyler M. Duckett-Oliver (Fed Bar No. 23196)
                                              **MILES & STOCKBRIDGE P.C.**
                                              100 Light Street, 7th Floor
                                              Baltimore, MD 21202
                                              Tel: (410) 727-6464
                                              Fax: (410) 385-3700
                                              Email: sbaron@milesstockbridge.com
                                                           tduckett@milesstockbridge.com

                                              *Counsel for Defendant Gilman School, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of April 2025, the foregoing was filed and served electronically via this Court's CM/ECF system to counsel of record.

*/s/ Stephanie K. Baron*
Stephanie K. Baron