**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---:|
| Chambers of<br>Matthew J. Maddox<br>United States District Judge<br>MDD_MJMChambers@mdd.uscourts.gov | 101 West Lombard Street<br>Chambers 5C<br>Baltimore, Maryland 21201<br>(410) 962-3407 |

April 22, 2025

TO ALL PARTIES OF RECORD:

    Re:    <u>Tamara Palms v. Gilman School, Inc.</u>
            Civil No.:  MJM 24-3489

Dear Counsel,

    A conference call has been set for  **Tuesday, May 13, 2025,** at  **4:00 p.m.**  to discuss the appropriate schedule in this case.  My office will provide dial-in instructions in advance of the call.

    Enclosed is a draft scheduling order with approximate dates.  Please review this draft, consult with one another and be prepared to advise the Court of the following:

    (1) whether you would like to participate in a settlement conference either before or after the completion of discovery;

    (2) whether discovery of electronically stored information may be necessary;

    (3) any changes to the dates in the form scheduling order;

    (4) whether you would like to defer any of the expert discovery until after summary judgment motions are resolved; and

    (5) whether there is unanimous consent to proceed before a U.S. Magistrate Judge for all proceedings.

                                        Very truly yours,

                                             /S/
                                        Matthew J. Maddox
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAMARA PALMS, | * | |
|     Plaintiff, | | |
| | * | |
| vs. | | |
| | * | Civil Action No.:  MJM 24-3489 |
| GILMAN SCHOOL, INC., | | |
|     Defendant. | * | |
| | ****** | |

**PROPOSED SCHEDULING ORDER**

    This scheduling order is being entered pursuant to Local Rule 103.9.  Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.  Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below.  Thereafter, **the schedule will not be changed except for good cause.**

    This case is subject to electronic filing.  Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov.  You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers.  **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.**  The paper copy should be sent to the Clerk's Office, not directly to my chambers.

## I.  DEADLINES

| | |
|---|---|
| May 13, 2025: | Deadline for requests for modification of initial Scheduling Order |
| May 13, 2025: | Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered.) |
| May 13, 2025: | Report about deposition hours |
| May 13, 2025: | Initial report whether there is unanimous consent to proceed before a United States Magistrate Judge |

| | |
|---|---|
| May 13, 2025: | Deadline for conference about discovery of electronically stored information. (If either or both parties intend to take such discovery, before the conference counsel should review the Principles for the Discovery of Electronically Stored Information in Civil Cases prepared by a Joint bench/bar committee published on the court's website.) |
| June 13, 2025: | Moving for joinder of additional parties and amendment of pleadings |
| June 30, 2025: | Plaintiff's Rule 26(a)(2) disclosures |
| July 28, 2025: | Defendant's Rule 26(a)(2) disclosures |
| August 11, 2025: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| August 18, 2025: | Rule 26(e)(2) supplementation of disclosures and responses |
| September 11, 2025: | Discovery deadline; submission of status report |
| September 18, 2025: | Requests for admission |
| October 14, 2025: | Dispositive pretrial motions deadline |

## II. DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

Discovery Conference

This action is exempted from the requirements of Fed. R. Civ. P. 26(d)(1) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, (d) discuss any issues about preserving discoverable information, and (e) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

3

  a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

  b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

  c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

  d. Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

  e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

<u>Deposition Hours</u>

Please confer with one another immediately concerning the number of hours of depositions which you believe are appropriate. If I have not heard from you by the date set forth in Section I of this order, each side shall be limited to 15 hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

## III. <u>STATUS REPORT</u>

The parties shall file on the day of the discovery deadline a status report covering the following matters:

  a. Whether discovery has been completed;

  b. Whether any motions are pending;

  c. Whether any party intends to file a dispositive pretrial motion;

  d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

  e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

      f.      Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

      g.      Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

      h.      Any other matter which you believe should be brought to the court's attention.

## IV. <u>DISPOSITIVE PRETRIAL MOTIONS</u>

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V. <u>STATUS AND PRETRIAL CONFERENCES</u>

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

      a.      I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

      b.      I will set a pretrial conference date and a trial date; and

      c.      I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. <u>ATTORNEYS' FEES</u>

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases which are Appendix B to the Local Rules.

VII. <u>COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES</u>

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

VIII. <u>COMPLIANCE WITH PRIVACY PROTECTION RULE</u>

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.


Date: 

                                                Matthew J. Maddox
                                              United States District Judge